**UNITED STATES of America
Plaintiff-Appellee**

v.

**Andrew Michael CHRISTENSEN
Defendant-Appellant**

---

United States of America
Plaintiff-Appellee

v.

Andrew Michael Christensen
Defendant-Appellant

No. 17-2523, No. 17-2524

United States Court of Appeals,
Eighth Circuit.

Submitted: February 15, 2018

Filed: February 27, 2018

John E. Beamer, Assistant U.S. Attorney, U.S. Attorney's Office, Des Moines, IA, for Plaintiff-Appellee

Andrew Michael Christensen, Pro Se

Before GRUENDER, MURPHY, and SHEPHERD, Circuit Judges.

PER CURIAM.

In these consolidated appeals, Andrew Christensen directly appeals after the district court[1] revoked his supervised release in two cases and imposed two concurrent revocation sentences of 24 months in prison. His counsel has moved for leave to withdraw and has filed a brief arguing that Christensen's supervised-release violation should have been classified as a Grade C violation, rather than a Grade B violation, under Chapter 7 of the United States Sentencing Guidelines; that the revocation sentences exceed the statutory maximum; and that the revocation sentences are unreasonable.

We first conclude that the district court's classification of Christensen's violation as a Grade B escape was not error, much less plain error, see United States v. McGhee, 869 F.3d 703, 705 (8th Cir. 2017) (per curiam) (stating that unobjected-to procedural sentencing errors are forfeited and thus reviewed only for plain error); United States v. Davis, 825 F.3d 359, 363 (8th Cir. 2016) (discussing plain-error review); U.S.S.G. § 7B1.1(a)(2) (defining Grade B violation); see also 18 U.S.C. § 751(a) (defining crime of escape and penalties); United States v. Goad, 788 F.3d 873, 876 (8th Cir. 2015) (concluding that defendant's unauthorized departure from his residential reentry facility constituted an escape within the meaning of § 751).

We next conclude that the district court did not impose revocation sentences that exceeded the statutory maximum. See United States v. Lewis, 519 F.3d 822, 824-25 (8th Cir. 2008) (holding that 18 U.S.C. § 3583(e)(3) requirement to aggregate revocation prison sentences changed with the April 30, 2003 addition of the phrase "on any such revocation"; where the original offense of conviction was committed thereafter, the plain language of § 3583(e)(3) permits sentencing without considering or aggregating the prison terms for prior revocations); United States v. Walker, 513 F.3d 891, 893 (8th Cir. 2008) (reviewing legality of sentence de novo).

Finally, we conclude that the revocation sentences are not unreasonable. See United States v. Petreikis, 551 F.3d 822, 824 (8th Cir. 2009) (applying a presumption of substantive reasonableness to revocation sentence within the guidelines range); United States v. Merrival, 521 F.3d 889, 890 (8th Cir. 2008) (reviewing revocation sentence for an abuse of discretion).

1. The Honorable Stephanie M. Rose, United States District Judge for the Southern District of Iowa.

In each case, we affirm the judgment, and we grant counsel's motion to withdraw.